## Case No. 8,156.

LEACH v. COYLE.[1]

Circuit Court, D. Connecticut. Dec. 24, 1878.

LIMITATION OF ACTIONS—NEW PROMISE.

[A promise by a debtor to a bankrupt creditor, acting in behalf of the assignee of an account, to settle the same, is sufficient to take a suit thereon by said assignee out of the statute.]

[Action of assumpsit by Nathan W. Leach, assignee of certain assets of William E. Brockway, against Patrick Coyle.]

SHIPMAN, District Judge. This is an action of assumpsit, which was tried by the court, in pursuance of a written stipulation of the parties waiving a jury trial. The facts which are found to be true are as follows: William E. Brockway was a brewer in the city of New York from 1856 to 1871, and sold ale in barrels to the defendant, a merchant in Waterbury, Connecticut, from August, 1858 to April, 1869. The agreement between the parties was that the defendant should return the barrels when empty, or pay for them. If not returned, they were bought by the defendant. In 1871, Brock-

1 [Not previously reported.]

way was adjudicated a bankrupt in the Southern district of New York, having an unsettled account and claim upon his books against the defendant. John M. Guiteau and John Gordon were appointed assignees upon his estate, who sold and assigned the account against the defendant to the plaintiff, a citizen of the state of New York.

The plaintiff brought an action of assumpsit against the defendant on April 10, 1874, for a balance claimed to be due on the ale. and also on the barrel account. The bill of particulars was in brief:

| | |
|---|---:|
| For ale | $   82 87 |
| For 325 half casks, @ 4.50 | 1,462 50 |
| For 74 quarter casks, @ 3.50 | 259 00 |
| | $1,804 37 |

The barrels were the number of unreturned barrels which had been delivered during said years. No settlement of barrel account had ever been made. The ale balance was claimed to be an amount which was due for ale sold in 1866, and which had been carried along in the ledger for a time, and finally was overlooked on the ledger, and had been overlooked in the settlement of the ale account. The defendant paid in January, 1868, the amount supposed by both parties to be due for ale, and took a receipt in full. There was no sufficient affirmative evidence of mistake to justify a finding that a balance is due on ale account, and I find that nothing is due thereon. In May, 1872, said Brockway called upon the defendant in Waterbury, and on behalf of the plaintiff made demand of the barrels and of the amount due on ale account. Defendant replied that he would look up the "empties," go to New York the succeeding month, take down his account, and have a settlement. He did not see the plaintiff or Brockway afterwards.

I find that 325 half barrels and 74 quarter barrels have never been returned by the defendant to Brockway or to the plaintiff. The market price of new half barrels and of quarter barrels was $5.00 and $4.00 respectively. Very little satisfactory evidence of the market price of old barrels was given. I find that they were worth in market respectively half the market price of new barrels. All the barrels which were delivered to the defendant within six years prior to the date of the suit were returned. The barrel account was a running account with charges and credits from 1858 to September, 1878.

It seems under Connecticut decisions, though not perhaps in accordance with the decisions of some other courts on similar statutes, that the account for the barrels not returned prior to six years before the date of the suit is barred by the statute of limitations, in the absence of a new promise or acknowledgment of a subsisting debt. As matter of law, I am of opinion that the conversation had by the defendant in May, 1872, is a sufficiently clear and definite ac-

knowledgment of a subsisting debt for barrels, and promise to pay the amount due therefor, to take the case out of the statute of limitations.

I find that the amount due by the defendant to the said Brockway upon the account which was sold and assigned to the plaintiff was:

| | |
|---|---:|
| For 325 half barrels | $ 812 50 |
| For 74 quarter barrels | 148 00 |
| | $ 960 50 |
| Interest from Jany., 1871, to Dec., 1878, 7 years & 11 months | 456 23 |
| | $1,416 73 |

—For which amount let judgment be entered for the plaintiff against the defendant.